UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV01849 AGF |
| | ) | |
| BELLEFONTAINE HABILITATION CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Consolidated with |
| JERRY RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV00334 AGF |
| | ) | |
| BELLEFONTAINE HABILITATION CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jerry Russell, appearing pro se, brings this consolidated action under Title VII of the Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e, et seq., and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat § 213.010, et seq., alleging employment discrimination against Defendant Bellefontaine Habilitation Center.  On March 1, 2013, this Court granted Defendant's motion to consolidate two petitions filed by Plaintiff in Case No. 4:13CV0334 AGF and Case No. 4:12CV1849 AGF against Defendant alleging employment discrimination.  The consolidated cases are now before the Court on Defendant's motion to dismiss for failure to state a claim upon which relief may be granted.  In support of its motion, Defendant asserts that it is not Plaintiff's

employer and cannot, therefore, be sued under Title VII; that Plaintiff failed to exhaust his administrative remedies with respect to certain of his allegations; and for those claims that he did exhaust, has failed to state a claim upon which relief can be granted.   Plaintiff has not responded to the motion to dismiss and the time to do so has expired.   For the reasons set forth below, the Court will grant the motion to dismiss in part and deny it in part.

**Background**

Plaintiff, an African-American male, is employed as a security officer by Defendant.   In one of his employment discrimination complaints (Doc. No. 1), filed in Case No. 4:12CV1849 AGF, Plaintiff alleges, without factual support, discrimination on the basis of race, gender, and disability.   He further alleges, without factual support, that he was denied reasonable accommodation, and asserts harassment, retaliation and the denial of promotions and terms and conditions of employment granted to similar employees.   *Id.*   In a document attached to the form complaint and styled "Title VII Petition," Plaintiff alleges that his employer discriminated and retaliated against him while he was "participating in the Equal Employment Opportunity ("EEOC") Process."   He also claims that a supervisor wrote a false statement about him and that as a result he lost salary and was unfairly disciplined.

The second case, No. 4:13CV0334 AGF, was originally filed in state court, and alleges claims under the MHRA.   (Doc. No. 3.)   In the document styled "Chapter 2 Petition" Plaintiff again alleges that he was discriminated against and retaliated against while engaged in the EEOC process, and that as a result of a "false statement" written by Superintendent Rebecca Post and Assistant Superintendent Marcy Hargis he was

disciplined unfairly and lost salary.  Case No. 4:13CV0334 AGF. (Doc. No. 3.)  Plaintiff further alleges, without elaboration or factual details, that he was "harassed, threatened, and denied reasonable accommodations."  *Id*.  Plaintiff does not allege race or gender discrimination in the "Chapter 2 Petition."  *See id*.

The charges of discrimination ("the Charge") Plaintiff filed with the Missouri Commission on Human Rights ("MCHR"), and attached to the complaint in each case, are identical.  (Case No. 4:12CV01849 AGF, Doc. No. 1-1; Case No. 4:13-CV0334 AGF, Doc. No. 3-1.)  In the Charge, Plaintiff alleges that his employer has consistently harassed him since he filed a charge of discrimination in December 2010.  Plaintiff also alleges Defendant has denied him the necessary tools to complete his duties, and subjected him to threats of violence.  *See id*.  In addition, Plaintiff alleges that his supervisor assigned him a "trivial task," sent him to an "attic to get 150 dry rotted uniforms," and months later, ordered him to return the uniforms to the attic.  *Id.*  Finally, Plaintiff alleges that his supervisor was aware of his disability (which Plaintiff nowhere identifies) and that she "pulled [him] from [his] lunch," denied him reasonable accommodation regarding his lunch break, and required him to "walk half a mile to unlock a door."  *Id*.

**Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of the complaint.  The court must view the allegations of the complaint liberally and in the light most favorable to Plaintiff.  *U.S. ex rel. Raynor v. National Rural Utilities Co-op. Finance*, 690 F.3d 951, 955 (8th Cir. 2012).  In addition, the court "must accept as true all facts pleaded by the nonmoving party and

3

grant all reasonable inferences from the pleadings in favor of the nonmoving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (internal quotation omitted). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[L]abels and conclusions, or a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," and "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [each element]." *Id.* at 562 & 556 (internal quotation omitted). Further, in reviewing a pro se complaint, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**Immunity from Suit**

Defendant first asserts that it is not a suable entity, and is immune from suit as a facility operated by the State under the auspices of the Missouri Department of Mental Health, and that it is not technically Plaintiff's employer. Defendant appears to be correct that it is not the proper entity to be named as the defendant in this suit. *See Phillips v. Wood*, No. 4:13CV00412 ERW, 2013 WL 1914465, at *1 (E.D. Mo. May 08, 2013) (holding that "departments or subdivisions of local government are 'not judicial entities suable as such'") (quoting *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)). However, the Court, in the interest of justice, will grant leave for Plaintiff to

4

substitute the proper party as the defendant in this case.   Therefore, Defendant's motion to dismiss on the basis of immunity from suit will be denied without prejudice.

**<u>Failure to Exhaust Administrative Remedies</u>**

The exhaustion of administrative remedies is a central tenent of the statutory schemes under Title VII and the MHRA, because it provides the agencies administering the statutes, the EEOC and the MCHR, respectively, an opportunity to investigate discriminatory practices, seek voluntary compliance, and promote conciliatory efforts. *See Henley v. Brown,* 686 F.3d 634, 641 (8th Cir. 2012); *see also Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (citing *Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 863 (7th Cir. 1985)).   The principle of exhaustion "requires a claimant to give notice of all claims of discrimination in the administrative complaint."   *Onyiah v. St. Cloud State Univ.,* 684 F.3d 711, 719 (8th Cir. 2012); *see also Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 664 (8th Cir. 2012) (requiring a complaint to "provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests") (internal quotation omitted); *Alhalabi v. Missouri Dep't of Natural Res.*, 300 S.W.3d 518, 524-25 (Mo. Ct. App. 2009).   The allegations in the administrative complaint are construed liberally, but "[a]llowing a complaint to encompass allegations outside the ambit of the predicate . . . charge . . . deprive[s] the charged party of notice of the charge . . . ."   *Williams*, 21 F.3d at 223 (internal quotation marks and citation omitted).

Here the Charge did not allege facts or include narrative relating to discrimination based on race or gender.   The allegations in the Charge that Hargis assigned Plaintiff

5

trivial tasks and unacceptable vehicles and denied him reasonable accommodation regarding his lunch break, do not put Defendants on notice that Plaintiff is complaining of race and gender discrimination.   For this reason, the Court concludes that Plaintiff has failed, with respect to each of the complaints, to exhaust his administrative remedies as to allegations of discrimination based on race and gender and that these claims should be dismissed.  *See Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (noting "[w]hile we will liberally construe an administrative charge for exhaustion of remedies purposes, we also recognize there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made") (internal quotations omitted)).   The Eighth Circuit has not ruled on this precise issue, but the Court believes that where, as here, the EEOC charge is bereft of any allusion to allegations of race or sex discrimination, merely checking off the box of "race" or "sex" on the EEOC charge is insufficient to exhaust it as a claim.  *See McCutchen v. Sunoco, Inc*., No. CIV.A. 01–2788, 2002 WL 1896586, at *2-3 (E.D. Pa. Aug. 16, 2002) ("[W]here the EEOC charge is bereft of any allusion to allegations of racial discrimination, merely checking off the box of 'race' on the EEOC charge is insufficient to exhaust it as a claim.); *Allen v. St. Cabrini Nursing Home, Inc*., No. 00–8558, 2001 WL 286788, at *3-4 (S.D.N.Y. March 9, 2001) (same).

**The Disability Discrimination Claim**

Defendant correctly asserts that Title VII prohibits employment discrimination based upon race, color, religion, sex, or national origin, and that allegations of a failure to provide "reasonable accommodation" are not cognizable under Title VII.   42 U.S.C. §§

6

2000e, et seq.

Although such allegations are not cognizable under Title VII, a liberal construction of Plaintiff's "reasonable accommodation" allegations leads the Court to conclude that he may be able to state a claim under the Americans with Disabilities Act of 1990 ("the ADA").  42 U.S.C §§ 12101, et seq.  Under the ADA, a plaintiff must show that he:  (1) is disabled; (2) "is qualified to perform the essential functions of his job, with or without accommodation [;] and (3) suffered an adverse employment action under circumstances from which unlawful discrimination may be inferred.  *Olsen v. Capital Region Medical Center*, No. 12-2113, 2013 WL 1876157, at *4 (8th Cir. May 7, 2013) (citing *Young v. Warner–Jenkinson Co.*, 152 F.3d 1018, 1021-22 (8th Cir. 1998)).  Plaintiff's failure to check the correct box on the form employment discrimination complaint does not negate the validity of his plausible allegations under the ADA with respect to failure to accommodate his disability.  Therefore, Defendant's motion will be denied to the extent Defendant claims that Plaintiff is foreclosed from asserting a claim for disability and reasonable accommodation.

Plaintiff, however, has failed to identify any of the essential elements of such a claim.  For example, Plaintiff nowhere identifies his alleged disability, nor properly asserts that he is disabled but was qualified to perform the functions of his job with proper accommodations, nor identifies what accommodations he requested.  As such, this claim will be dismissed, without prejudice, and Plaintiff will be given the opportunity to plead a sufficient factual basis to state a claim under the ADA for disability discrimination.

**Plaintiff's Claim for "False Statement"**

Defendant asserts that the allegations regarding a "false statement" that resulted in disciplinary action and reduction of his hours, should be dismissed because they are not cognizable under the MHRA.   In addition, Defendant asserts that if these allegations are construed to state a tort claim, they are also subject to dismissal because Defendant enjoys sovereign immunity from tort claims under state law.

It is true that Defendant is immune from suit if the allegations regarding "false statement" are construed to allege a tort claim.   *See* Mo. Const. Art. IV, § 29; Mo. Rev. Stat. §537.600; *see also State ex rel. Missouri Highway and Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. 1998).   Nonetheless, the "false statement" allegations survive the motion to dismiss because they adequately allege an adverse employment action for purposes of Plaintiff's retaliation claim.

"In order to prove retaliation, a plaintiff must show, 'that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"   *Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 552 (8th Cir. 2007) (quoting *Burlington N & Santa Fe Ry. Co*, 548 U.S. 53, 68 (2006)).   This objective standard focuses on "employer actions that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and their employers.   Although "petty slights, minor annoyances, and simple lack of good manners will not create such deterrence. " *Id.* (internal quotation omitted).   Plaintiff's allegation that his supervisor made false statements resulting in disciplinary action and a reduction of hours exceeds this threshold

8

as such actions by an employer would deter an employee from challenging discriminatory actions.  *Id.*; *see also Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68-69.

**<u>Plaintiff's Remaining Allegations of Unfair Treatment</u>**

The remaining allegations in the Charge, that Plaintiff was assigned a "trivial task," required to walk a half mile to unlock a door, interrupted at his lunch and assigned a vehicle covered in "feces, urine, and motor oil" do not constitute the "material, adverse employment actions" required to state a claim for relief under Title VII.  *Lisdahl v. Mayo Foundation*, 633 F.3d 712, 720 (8th Cir. 2011) (defining "adverse employment action" as a "tangible change in working conditions that produces a material employment disadvantage" such as termination, cuts in pay or benefits, or changes that affect an employee's future career prospects, but not "minor changes in duties or working conditions, even unpalatable or unwelcome ones") (internal citation omitted)).  However, these allegations, viewed objectively, are more than "petty slights" and "annoyances" and would "dissuade a reasonable [employee] from engaging in protected activity."  *Vajdl.*, 484 F.3d at 552.  Therefore, they may support Plaintiff's claim of retaliation for challenging allegedly discriminatory actions.

## CONCLUSION

In summary, Plaintiff's claims of retaliation shall not be dismissed for failure to exhaust, nor shall his claims for disability discrimination under the ADA.  However, Plaintiff has not named the proper party as Defendant, and has not properly plead his claim under the ADA, but will be given leave to do so.   In his amended complaint, Plaintiff must allege sufficient facts to support a claim of disability discrimination, as identified in this

Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss the consolidated complaints (Doc. No. 11) in this action is **GRANTED in part** and **DENIED in part as follows:**

1. Defendants' motion to dismiss for failure to name the proper party is **GRANTED**, with leave to amend, and Defendant's motion to dismiss on the basis of immunity from suit is **DENIED, without prejudice**.

2. Defendant's motion to dismiss Plaintiff's claims of race and gender discrimination, for failure to exhaust administrative remedies, is **GRANTED**.

3. Defendant's motion to dismiss the allegations of disability discrimination based on failure to exhaust is **DENIED**, but Defendant's motion to dismiss such claims for failure to state a claim is **GRANTED, with leave to replead**.   Plaintiff shall have leave to amend his complaint to properly state a claim under the Americans with Disabilities Act.

4. Defendant's motion to dismiss Plaintiff's claim based on false statements is **GRANTED** insofar as the allegations are construed to state a tort claim under Missouri law, but **DENIED** to the extent such evidence may support a claim of retaliation.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Monday, July 1, 2013**, to file an amended complaint to name the proper party as the defendant in this case, and to properly state a claim for retaliation and for violation of the Americans with Disabilities Act.

10

**IT IS FURTHER ORDERED** that together with this Order, the Clerk of Court shall provide Plaintiff with a form for filing his amended complaint.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2013.