UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-01849-AGF |
| | ) | |
| REBECCA POST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Jerry Russell, a security officer at the Bellefontaine Habilitation Center ("Bellefontaine"), operated by the Missouri Department of Mental Health, brings this action against the following current and former employees at Bellefontaine: Rebecca Post, Marcy Hargis, Laura Wayer, Charles Edward Moody, and Barbara Dahlen. (Doc. No. 13.) Plaintiff's amended complaint asserts claims of retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), § 701 et seq., 42 U.S.C.A. § 2000e, et seq. and deprivation of various constitutional rights, presumably under 42 U.S.C. § 1983. Defendants Moody and Dahlen have never been served in this case. Defendants Post, Hargis, and Wayer waived service but have moved to dismiss certain of Plaintiff's claims against them. (Doc. No. 26.) For the reasons set forth below, Plaintiff's claims against Defendants Moody and Dahlen shall be dismissed without prejudice for failure to timely serve these Defendants; Plaintiff's retaliation claims against all parties shall be dismissed without prejudice for failure to name the proper party; and Plaintiff's § 1983 claims for

deprivation of constitutional rights against Defendants Post, Hargis, and Wayer shall be dismissed with prejudice for failure to state a claim.

## BACKGROUND

Plaintiff filed his original complaint on October 12, 2012, asserting employment discrimination and retaliation under Title VII, solely against Bellefontaine. (Doc. No. 1.) On March 1, 2013, the Court granted Bellefontaine's motion to consolidate this case with another case, No. 4:13CV0334 AGF, in which Plaintiff again sued Bellefontaine for discrimination and retaliation, but under the Missouri Human Rights Act, Mo. Rev. Stat § 213.010, et seq. (Doc. No. 9.) Bellefontaine moved to dismiss the consolidated claims for failure to state a claim upon which relief may be granted, and the Court granted Bellefontaine's motion in part. (Doc. No. 12.) The Court held that Bellefontaine, which is operated by and merely an extension of the state of Missouri, was not properly named in the suit, but granted Plaintiff leave to amend and name the proper party as defendant in this case. (*Id.* at 4-5.) The Court also dismissed the discrimination claims in both cases for Plaintiff's failure to exhaust his administrative remedies. (*Id.* at 6.)

However, the Court held that Plaintiff's allegations in his charges of discrimination with the Equal Employment Opportunity Commission (in this case) and the Missouri Commission on Human Rights (in case No. 4:13CV0334 AGF) that his supervisor, Hargis, "was aware of his disability (which Plaintiff nowhere identifies) and that she 'pulled [him] from [his] lunch,' denied him reasonable accommodation regarding his lunch break, and required him to 'walk half a mile to unlock a door,'" while not cognizable under Title VII, could, if more factual detail was added, possibly state a claim

2

under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C §§ 12101, et seq. (Doc. No. 12 at 3, 7; *see also* Doc. No. 1-1 at 2.) Therefore, the Court dismissed Plaintiff's discrimination claims, but granted Plaintiff leave to plead a sufficient factual basis to state a claim under the ADA for disability discrimination, including his alleged disability, his qualifications to perform the functions of his job with proper accommodations, and the accommodations he requested. (Doc. No. 12 at 7.)

Finally, the Court held that Plaintiff's allegations in case No. 4:13CV0334 AGF that he was retaliated against while engaged in the EEOC process, and that as a result of a "false statement" written by Post and Hargis, he was disciplined unfairly and lost salary, adequately alleged retaliation under federal and state law. (Doc. No. 12 at 2-3, 8.) The Court granted Plaintiff until July 1, 2013, to file an amended complaint naming the proper party as defendant and properly stating a claim for retaliation and for violation of the ADA. (*Id.* at 10.)

On July 1, 2013, Plaintiff filed an amended complaint in this case.[1] (Doc. No. 13.) Plaintiff names as Defendants Post, Hargis, Wayer, Moody, and Dahlen, all in their individual capacities. Neither the state of Missouri nor Bellefontaine is named in the suit. Defense counsel waived service of process on Post, Hargis, and Wayer, who are current employees at Bellefontaine. And on March 19, 2014, the Court ordered defense counsel to provide Plaintiff the last known address of Defendants Moody and Dahlen, former employees at Bellefontaine, so that Plaintiff could serve these Defendants. (Doc. No.

---

[1] Plaintiff did not amend his complaint in case No. 4:13CV0334 AGF, and that case remains closed.

3

20.) Defense counsel asserts, and Plaintiff does not dispute, that defense counsel complied with the Court's order, and defense counsel has provided the Court with a copy of his March 21, 2014 letter to Plaintiff listing the last known addresses of Moody and Dahlen. (*See* Doc. No. 30-1.) The record reflects that Plaintiff has never served these Defendants.

Plaintiff's amended complaint alleges retaliation under Title VII, and lists a variety of constitutional amendments,[2] which the Court construes as alleging a claim under 42 U.S.C. § 1983 for deprivation of constitutional rights. Plaintiff alleges that Post, superintendent at Bellefontaine, "wrote a false statement which resulted in [Plaintiff's] unfair discipline and lost wages," told various employees not to "associate" with Plaintiff, and threatened Plaintiff with dismissal if she found out Plaintiff "retrieved a newsbrief from the internet," which Plaintiff denied doing. (Doc. No. 13 at 3, 6.) Plaintiff alleges that Hargis, assistant superintendent at Bellefontaine, referred to Plaintiff as "the devil" in front of other staff; pulled Plaintiff from a lunch break to assist with moving furniture, which resulted in "low and high blood sugar levels requiring a higher dosage of medication;" told Plaintiff that he would always work first shift alone; and ordered Plaintiff to attend a class during which a training instructor, Steve Roberts,[3] "had a white female read aloud during class the definition of (nigger)." (*Id.* at 3.) With respect to Wayer, Chief Financial Officer at Bellefontaine, Plaintiff alleges that "[a]s an

---

[2] Plaintiff lists the Fourteenth, First, Thirteenth, and Sixth Amendments on the first page of his amended complaint, but the complaint does not explain how any of these constitutional amendments are implicated by the facts alleged. (*See* Doc. No. 13 at 1.)

[3] Plaintiff does not name Roberts as a defendant in this case.

aggrieved employee," he was called to Wayer's office, and Wayer demoted him, causing him to lose $1,500 annually. (*Id.* at 4.) Plaintiff alleges that his "grievance" was resolved by the removal of Wayer as his supervisor, but he never regained his position or his lost wages. (*Id.*)

On May 19, 2014, Defendants Post, Hargis, and Wayer filed a motion to dismiss Plaintiff's § 1983 claims against them. (Doc. No. 26.) These Defendants also seek to dismiss any claims against them under the ADA. However, notwithstanding the Court's order granting Plaintiff leave to plead an ADA claim, Plaintiff's amended complaint does not purport to assert any claim under the ADA, and Plaintiff's claims against Defendants Post, Hargis, and Wayer do not allege that Plaintiff is disabled or that he requested and was denied any reasonable accommodation. (*See* Doc. No. 13 at 1, 3-6.) Because Plaintiff does not allege an ADA claim against Defendants Post, Hargis, or Wayer, the Court will only address these Defendants' motion to dismiss as it relates to Plaintiff's § 1983 claims. The motion to dismiss does not address Plaintiff's retaliation claims under Title VII. Plaintiff has not responded to the motion to dismiss, and the time to do so has expired.

On September 5, 2014, the Court ordered the Plaintiff to show cause why the claims against Defendants Moody and Dahlen should not be dismissed for failure to serve them within the 120-day time period prescribed in Federal Rule of Civil Procedure 4(m), and to show cause why the claims against Defendants Post, Hargis, and Wayer should not be dismissed for the reasons set forth in their motion to dismiss, to which Plaintiff had not responded. (Doc. No. 28.) Plaintiff responded to the show cause order on September

17, 2014. In his response, Plaintiff requests a waiver of service upon Defendants Moody and Dahlen, and purports to attach documents reflecting his attempts to serve these Defendants. (Doc. No. 29.) The documents Plaintiff attaches to his response to the show cause order are summons issued in a different case, Case No. 4:14-cv-0000894, before Judge Stephen N. Limbaugh Jr., and to different defendants, not Defendants Moody or Dahlen. (*See id.* at 2-12.) Plaintiff's response to the show cause order does not address or respond to the motion to dismiss filed by Defendants Post, Hargis, and Wayer.

## DISCUSSION

### Failure to Serve Defendants Moody and Dahlen

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court does not have authority to waive service upon a defendant. And although the Court may extend the time for service, the plaintiff must first show good cause for the failure to serve. *Kurka v. Iowa County*, 628 F.3d 953, 957 (8th Cir. 2010).

Plaintiff has not put forth any evidence to demonstrate that he has ever attempted to serve Defendants Moody or Dahlen in this case or that he has good cause for extending the time to do so. Therefore, the Court will dismiss Plaintiff's claims against Defendants Moody and Dahlen without prejudice for lack of timely service.

### Defendants Post, Hargis, and Wayer's Motion to Dismiss

To survive a motion to dismiss for failure to state a claim, Plaintiff's allegations must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is

6

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id.* "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Lukien Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.* 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Although Defendants' motion to dismiss does not address the viability of Plaintiff's retaliation claims under Title VII, the Court notes that "supervisors may not be held individually liable under Title VII."[4] *Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.,* 121 F.3d 446, 447 (8th Cir. 1997) (per curiam). Rather, the proper defendant for Plaintiff's retaliation claim under Title VII is the state of Missouri.

---

[4] Individual supervisors may be held liable under the Missouri Human Rights Act, Mo. Rev. Stat § 213.010, et seq., *Reed v. McDonald's Corp.,* 363 S.W.3d 134, 139 (Mo. Ct. App. 2012), but Plaintiff's amended complaint does not plead a retaliation claim under Missouri law.

7

*See Miles v. Bellefontaine Habilitation Ctr.*, No. 4:05CV01966 AGF, 2006 WL 1663003, at *1 (E.D. Mo. June 7, 2006) ("[O]ther cases in which the actions of employees of Bellefontaine have been at issue support Defendant's assertion" that the state of Missouri is the proper defendant); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that subdivisions of local government are not "juridical entities suable as such"); *Russell v. Bellefontaine Habilitation Ctr.*, No. 4:08CV836 CDP, 2010 WL 2008846, at *2 (E.D. Mo. May 19, 2010) (clarifying that "if Russell . . . named the state of Missouri as the defendant instead of BHC," the state would not be immune from suit because "Congress validly abrogated [Eleventh Amendment] immunity 'for claims of disparate impact on the basis of gender and race' when it enacted Title VII.'") (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); *Okruhlik v. University of Ark.*, 255 F.3d 615 (8th Cir. 2001)). The Court will therefore dismiss Plaintiff's retaliation claims under Title VII, but the Court will grant Plaintiff leave to name the proper party for any and all retaliation claims he has. The Court reminds Plaintiff that a "prima facie case of retaliation requires showing that (1) the employee engaged in protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct." *Brenneman v. Famous Dave's of Am., Inc.*, 507 F.3d 1139, 1146 (8th Cir. 2007); *see also See Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 552 (8th Cir. 2007) (holding that a "materially adverse" action is one which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination"); *Lisdahl v. Mayo Foundation*, 633 F.3d 712, 720-21 (8th Cir. 2011) (defining "adverse

employment action" as a "tangible change in working conditions that produces a material employment disadvantage" such as termination, cuts in pay or benefits, or changes that affect an employee's future career prospects, but not "minor changes in duties or working conditions, even unpalatable or unwelcome ones") (internal citation omitted)).

With respect to the remaining § 1983 claims against Defendants Post, Hargis, and Wayer, the Court agrees that these claims should be dismissed for failure to state a claim. Taken in the light most favorable to Plaintiff, Plaintiff's allegations that Post told employees not to associate with him, and that Post threatened him with dismissal if she found out he "retrieved a newsbrief from the internet" do not support a violation of Plaintiff's rights under the Fourteenth, First, Thirteenth, Sixth, or any other constitutional amendment. Plaintiff does not even allege that any employee followed Post's direction not to associate with him, that Post acted on any threat of dismissal, or that Plaintiff suffered any other consequence as a result of these actions. Similarly, Plaintiff's allegations that Hargis called him a devil, pulled him from a lunch break, and stated that he must work alone on the first shift do not rise to the level of a constitutional violation. Neither does Plaintiff's allegation that Hargis ordered him to go to a class where someone read aloud the definition of a racial slur, particularly where there is no allegation that Hargis was responsible for anything that went on in the class. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Finally, Plaintiff's allegations that Post made a "false statement" resulting in disciplinary action and that Wayer demoted Plaintiff, while arguably supportive of a retaliation claim if pled against the

9

proper party and if pled to be causally connected to some protected conduct by Plaintiff, are not supportive of a § 1983 claim because they are not alleged to be connected to the deprivation of any constitutional right. In short, while Plaintiff sets forth numerous facts regarding various actions by Defendants Post, Hargis, and Wayer that Plaintiff believes were wrong, Plaintiff fails to link these facts with any constitutional right entitling him to relief. Therefore, Plaintiff fails to state a claim under § 1983 for which relief may be granted.

Because the Court holds that Plaintiff fails to state a claim against Defendants Post, Hargis, and Wayer under § 1983, the Court need not reach these Defendants' argument that the § 1983 claims are also barred by the Eleventh Amendment.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Moody and Dahlen are **DISMISSED without prejudice,** pursuant to Federal Rule of Civil Procedure 4(m), for lack of timely service.

**IT IS FURTHER ORDERED** that Defendants Post, Hargis, and Wayer's motion to dismiss (Doc. No. 26) is **GRANTED as follows:**

1. Plaintiff's claims for retaliation under Title VII against all parties are **DISMISSED without prejudice**. Plaintiff is granted until **November 10, 2014** to properly state any retaliation claim he has against the proper party to such a claim.

2. Plaintiff's claims against Defendants Post, Hargis, and Wayer for violation of his rights under the Fourteenth, First, Thirteenth, and Sixth Amendments are **DISMISSED with prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendants Post, Hargis, and Wayer's second motion to dismiss (Doc. No. 30), which seeks the same relief as Doc. No. 26, is **DENIED as moot.**

                                                    _____
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2014.